UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Bach,                                             Civil No. 04-2698 (PAM/RLE)

                Plaintiff,

v.                                              **MEMORANDUM AND ORDER**

ConAgra, Inc.,

                Defendant.

---

This matter is before the Court on Plaintiff's Appeal of Chief Magistrate Judge Raymond L. Erickson's September 1, 2005 Order, which denied Plaintiff's Motion for Leave to Allow Expert. For the reasons set forth below, the Appeal is denied.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). Plaintiff contends that Magistrate Judge Erickson erred because good cause exists for an amendment of the scheduling order and because Federal Rule of Civil Procedure 37(c)(1) allows him to amend the scheduling order to allow an expert.

This case is brought under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Minnesota Human Rights Act. Plaintiff alleges that Defendant offered him a job contingent on his passing a physical examination and drug test but revoked the offer after an examining doctor concluded Plaintiff would need to wear a knee brace while working. Plaintiff's expert disclosures were due by April 1, 2005. The deadline for discovery was June 1, 2005. Nondispositive motions were due on July 1, 2005.

On March 15, 2005, Defendant provided Plaintiff with unsigned answers to interrogatories.  In response to Interrogatory No. 17, Defendant answered that it perceived Plaintiff to have "an allergy to dust, pollen, grasses, or molds, or chemicals or medicine, and that he had a history of shortness of breath after mild exercise or exposure to cold air."  Plaintiff received a signed copy of the answers on March 28, 2005.  On May 12, 2005, Plaintiff deposed Harry Nadolny, Defendant's Plant Manager.  Nadolny testified that Plaintiff was not hired because Defendant perceived Plaintiff to have all of the above allergies, not just one.  During the week of June 20, 2005, Plaintiff retained a rehabilitation consultant, Robert Brezinski, to opine whether Plaintiff would be excluded from a broad range of jobs using Defendant's perception as to Plaintiff's disabilities, based on Nadolny's testimony.

In his Order of September 1, 2005, Magistrate Judge Erickson acknowledged that the parties were proceeding under the good cause standard of Federal Rule of Civil Procedure 16(b).  However, because Plaintiff was asking for leave to disclose an untimely expert report, Magistrate Judge Erickson discussed the request under Federal Rule of Civil Procedure 37(c)(1), which precludes a party from using evidence at trial that is untimely disclosed without substantial justification unless the failure to disclose is harmless.  See Fed. R. Civ. P. 37(c)(1).  The Court cannot conclude that this analytical framework was clearly erroneous or contrary to law.  See Transclean Corp. v. Bridgewood Serv., Inc., 77 F. Supp. 2d 1045, 1064 (D. Minn. 1999) (Erickson, M.J.) (applying a four factor test to determine whether untimely expert disclosures should be excluded), vacated in part, 290 F.3d 1364 (Fed. Cir. 2002).

Transclean sets forth the following four factors to determine whether an untimely disclosed expert report should be allowed: (1) the importance of the material, (2) the explanation for the untimeliness of the disclosure, (3) the potential prejudice to the non-disclosing party, and (4) whether a continuance could cure any prejudice. Id. Magistrate Judge Erickson first found that the minor discrepancy between Defendant's answer to Interrogatory No. 17 and Nadolny's testimony did not justify the untimeliness of the report. Simply, the answer to Interrogatory No. 17 employed the term "or" when describing Plaintiff's allergies, but Nadolny used the word "and." Despite the use of the term "or," Magistrate Judge Erickson found that Plaintiff should have been aware of the perceived physical limitations in March 2005 when he received the interrogatory answer. Nevertheless, Plaintiff did not retain Brezinski as an expert until the week of June 20th, and he did not file the instant motion until July 14, 2005. As to the significance of the evidence, Magistrate Judge Erickson found Brezinski's report not critically important because Plaintiff argues in his Motion for Partial Summary Judgment that he is entitled to judgment even absent the report. Magistrate Judge Erickson also characterized Brezinski's opinion as much more broad than was warranted by the identified discrepancy. Finally, Magistrate Judge Erickson noted that this case is at the end of pretrial proceedings. Dispositive motions have been filed and set for hearing later this month. There is no time for Defendant to prepare a rebuttal expert report. Magistrate Judge Erickson ultimately determined that Brezinski's report must be excluded because the untimeliness of the disclosure was not substantially justified.

Magistrate Judge Erickson's determination that Plaintiff's expert witness report must be excluded under Rule 37(c)(1) is not clearly erroneous or contrary to law. Magistrate Judge Erickson properly applied the Transclean factors to find that the untimely disclosure was not substantially justified. Most significantly, Plaintiff's explanation for the untimeliness of the report was inadequate. Plaintiff should have been aware of the physical limitations perceived by Defendant when he received Defendant's answer to Interrogatory No. 17 in mid-March. Further, based on the record before Magistrate Judge Erickson, Plaintiff did not establish the importance of the report. Finally, Defendant would be prejudiced if the report were allowed. Although a continuance might cure such prejudice, the continuance itself would cause additional prejudice by delaying the proceedings in this case, which weighs against allowing the late report. Transclean, 77 F. Supp. 2d at 1064.

**CONCLUSION**

Chief Magistrate Judge Erickson's Order of September 1, 2005 is neither clearly erroneous or contrary to law. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal of Chief Magistrate Judge Raymond L. Erickson's September 1, 2005 Order (Clerk Doc. No. 66) is **DENIED**; and

    2.    The September 1, 2005 Order (Doc. No. 62) is **AFFIRMED**.

Dated: October 4, 2005

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge