UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Bach,                                          Civil No. 04-2698 (PAM/RLE)

                    Plaintiff,

v.                                          **MEMORANDUM AND ORDER**

ConAgra, Inc.,

                    Defendant.

---

This matter is before the Court on cross-Motions for Summary Judgment. For the reasons that follow, Plaintiff's Motion is denied, and Defendant's Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Larry Bach applied for a position at Defendant ConAgra's grain milling facility in New Prague, Minnesota. During his interview with Leo Schmitz, who made the hiring decisions, Plaintiff described his eleven-year employment on Bartusek Farms, including the physical labor that he performed. When Schmitz noticed a slight limp in Plaintiff's gait, he questioned Plaintiff about his knee. Plaintiff told Schmitz that he had knee surgery nearly twenty years before, but it had not interfered with his ability to perform his previous farm labor job, and it would not be a problem at Defendant's facility.

Plaintiff had a second interview with Schmitz and plant manager Harry Nadolny. Schmitz mentioned Plaintiff's knee to Nadolny, and they asked Plaintiff to walk across the room. Plaintiff assured them that his knee would not affect his job performance. Schmitz

offered Plaintiff the job of "oiler/machine tender"[1] and told him that the offer was contingent on the results of a drug and alcohol test and a physical examination.

Plaintiff's physical examination was scheduled for October 3, 2003. Plaintiff filled out a "Post-Offer Physical Examination" form on which he responded to questions about his medical history. He checked "Yes" to the question whether he had an allergy to dust, pollen, grasses, molds, chemicals, or medicine, and he explained "Penicilen [sic] & Novacane [sic]." (Greenman Decl. Ex. C at 1.) He also checked the "Yes" box for "Shortness of breath after mild exercise or when exposed to cold air," and explained that "cold air is hard to breath [sic]." (Id.)

Plaintiff's physical examination was conducted by Dr. Becker, who concluded that Plaintiff had a medical condition which would require him to wear a knee brace on his left knee for stabilization. However, Dr. Becker did not find that Plaintiff had a health condition that could be aggravated by working or otherwise interfere with his ability to do his job. Plaintiff also passed a pulmonary test.

After receiving the "Post-Offer Physical Examination" form and the results of the physical examination, Defendant revoked the job offer. Plaintiff claims that, initially, Defendant's secretary told him over the phone that he was not hired because of his knee. Plaintiff immediately went to Dr. Becker's office and asked him to call Defendant and explain

---

[1] The job of oiler/machine tender requires workers to constantly sweep and clean areas containing flour dust. This position also requires employees to lift bags and carts weighing up to 110 pounds.

that Plaintiff's knee was fine.  Dr. Becker was unable to speak with Schmitz or Nadolny at that time, but he assured Plaintiff that he would continue to call until he spoke with one of them. Plaintiff contends that Schmitz called him later that day and said that Plaintiff's knee was not the reason he was not hired.  According to Plaintiff, Schmitz said that the reason was because there were four or five other job applicants who were just as qualified, but younger than Plaintiff.  Thus, Plaintiff submits that Defendant did not hire him because it wrongly perceived him to be disabled, or alternatively, because of his age.

On the other hand, Defendant asserts that it revoked the job offer because of Plaintiff's written responses on the form, indicating his limitations in working around dust and shortness of breath after mild exercise or exposure to cold air.   Schmitz was particularly concerned about Plaintiff being able to work around dust in the milling department.   In answering Plaintiff's Interrogatory No. 12, Defendant explained that it did not hire Plaintiff because it "determined that the environment of the New Prague facility would be a direct threat to the Plaintiff's health due to the responses given by him in [] Part 1 of the physical examination." (Greenman Decl. Ex. H at 12.)  To Interrogatory No. 17, Defendant additionally explained that the position of oiler/machine tender would have required Plaintiff "to sweep and clean areas where flour dust was present in the air. . . .  The position also requires the candidate to lift and dump bags and carts weight [sic] up to 110 pounds."  (Id. at 14.)  Schmitz thought these limitations would have prevented Plaintiff from working in "different jobs" at the ConAgra facility, namely in the warehouse and the mill.  (Greenman Decl. Ex. D (Schmitz Dep.) at 83.) As Nadolny recalled, Schmitz told him that Plaintiff was allergic to dust, pollens, and other

airborne items, and that he suffered from shortness of breath with minimum exertion.  After Schmitz decided not to hire Plaintiff, he did not contact Plaintiff directly, but instructed an employee named Corlis Tuma to call Plaintiff.  Schmitz denies talking with Plaintiff at any time after the job offer was revoked.

After Plaintiff explained in his deposition that he did not actually have limitations involving allergies or shortness of breath, Defendant unconditionally offered him a job at the New Prague facility.  Plaintiff never responded to Defendant's offer.  Plaintiff currently works as a restaurant chef.[2]

Plaintiff contends that Defendant's failure to hire him violates: (1) the Americans with Disabilities Act ("ADA"); (2) the Age Discrimination in Employment Act ("ADEA"); and (3) the Minnesota Human Rights Act ("MHRA").  Plaintiff moves for summary judgment on the ADA claim.  Defendant moves for summary judgment on all claims.

## DISCUSSION

### A.      Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  As the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole,

---

[2]  Plaintiff completed a two-year, food service training course in the late 1970s.  He had held numerous positions in the restaurant industry such as kitchen manager, line cook, grill cook, and chef.

which are designed to secure the just, speedy, and inexpensive determination of every action."

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The Court must view the evidence and the

inferences that may be reasonably drawn from the evidence in the light most favorable to the

nonmoving party.  Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material

fact and that it is entitled to judgment as a matter of law.  Id.  A party opposing a properly

supported motion for summary judgment may not rest on mere allegations or denials, but must

set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th

Cir. 1995).

**B.** **The ADA Claim**

Without direct evidence of discrimination, the Court must analyze Plaintiff's ADA

claim under the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792,

802-04 (1973).  See Wenzel v. Mo.-Am. Water Co., 404 F.3d 1038, 1040 (8th Cir. 2005) .

Plaintiff must first establish a prima facie case of discrimination by showing: (1) he was

disabled under the ADA; (2) he was qualified to do the essential job functions; and

(3) Defendant subjected him to an adverse decision because of his disability.  See Fjellestad

v. Pizza Hut of Am., Inc., 188 F.3d 944, 948 (8th Cir. 1999) (citation omitted).  If Plaintiff

meets his prima facie burden, Defendant must then state a legitimate, nondiscriminatory reason

for the decision.  Wenzel, 404 F.3d at 1040 (citation omitted).  Finally, Plaintiff must show

that Defendant's reason is a pretext for discrimination.  Id.

As required, the Court will first determine whether Plaintiff has met his prima facie burden. To be deemed "disabled" under the ADA, an individual must: (1) have a physical or mental impairment that substantially limits one or more of his major life activities; (2) have a record of such an impairment; or (3) be regarded as having such an impairment. 42 U.S.C. § 12102(2). Here, Plaintiff contends that Defendant regarded him as disabled. Plaintiff can show this in one of two ways: either Defendant "mistakenly believed that he had a physical impairment that substantially limits one or more major life activities," or Defendant "mistakenly believed that an actual, nonlimiting impairment substantially limited one or more major life activities." See Ollie v. Titan Tire Corp., 336 F.3d 680, 685 (8th Cir. 2003) (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)). Plaintiff's claim falls under the first category. Specifically, Plaintiff submits that Defendant wrongly believed that he had allergies and shortness of breath, which substantially limited him in the major life activities of working and breathing.

When the major life activity at issue is working, the individual must be "perceived as unable to work in a broad class of jobs." Id. (citing Sutton, 527 U.S. at 491). The applicable range of jobs is defined by the person's training, skills, and abilities. Cooper v. Olin Corp., 246 F.3d 1083, 1089 (8th Cir. 2001) (quoting 29 C.F.R. § 1630.2(j)(3)(i), and citing Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999)). Plaintiff concedes it is difficult for a plaintiff to prove that an employer mistakenly regarded him as unable to work in a broad class of jobs. See, e.g., Ross v. Campbell Soup Co., 237 F.3d 701, 709 (6th Cir. 2000) (explaining that employers do not usually consider what other jobs a plaintiff could perform).

Plaintiff is a manual farm laborer. Defendant considered Plaintiff for a job in its warehouse or milling facility but did not hire Plaintiff because of his perceived allergies, particularly to dust, and shortness of breath. Defendant believed these limitations would have precluded Plaintiff from working around flour dust and lifting items weighing up to 110 pounds. Nevertheless, the Court cannot conclude that Defendant perceived Plaintiff as unable to work in a wide range of jobs.

After the hearing on the cross-Motions, Plaintiff directed the Court to a recent case, Rodriguez v. ConAgra Grocery Prod. Co., –F.3d.–, 2005 WL 3036318 (5th Cir. Nov. 14, 2005), which he classifies as directly on point. However, the Court finds Rodriguez distinguishable on its facts. In Rodriguez, the job applicant asserted that the employer withdrew a job offer because it mistakenly perceived him as precluded from working in a wide range of jobs because of his diabetes. Id. at *5. The Rodriguez plaintiff had direct evidence that the defendant considered him unqualified for "any other positions at ConAgra Foods" because of his perceived disability. Id. Moreover, the Rodriguez plaintiff was being considered for an entry-level position in an office setting, which "virtually any able-bodied person could perform." Id. The court ultimately found that the employer regarded the plaintiff's impairment as a substantial limitation on working in a broad class of jobs. Id. at *6.

In the case presently before the Court, Schmitz said that Plaintiff's perceived limitations would have prevented him from working in "different jobs" at the milling facility. Schmitz did not say that Plaintiff was precluded from working in all jobs. Plaintiff concedes

it is "arguable" whether the jobs at Defendant's facility constitute a broad range of jobs.  (Pl.'s

Reply Mem. Supp. Mot. Summ. J. at 3.)  Moreover, Defendant was particularly concerned

about Plaintiff's exposure to flour dust generated by the grain mill, which certainly would not

preclude clerical employment in an office setting, manual labor in a workplace where such

allergens were not present, or employment as a cook or kitchen manager, for which Plaintiff

is trained.  Nor would the perceived impairments of other allergies or shortness of breath

necessarily rule out employment in these occupations.   Plaintiff simply has no evidence that

Defendant regarded him as unable to perform a broad class of jobs commensurate with his

skills and training.   Defendant determined only that Plaintiff could not work at its warehouse

or mill, and this is insufficient to prove a perceived disability claim.   See Schuler v. SuperValu,

Inc., 336 F.3d 702, 705 (8th Cir. 2003).   Accordingly, Plaintiff has not met his prima facie

burden to show that Defendant regarded him as having an impairment which substantially

limited him in the major life activity of working.

Plaintiff next avers that Defendant perceived him to be substantially limited in the major

life activity of breathing.   Breathing is a major life activity.   Genthe v. Lincoln, 383 F.3d 713,

716 (8th Cir. 2004) (citing Krauel v. Iowa Methodist Med. Center, 95 F.3d 674, 677 (8th Cir.

1996) (quoting 29 C.F.R. § 1630.2(i))).   Whether a person is substantially limited in a major

life activity such as breathing depends on: (1) the nature and severity of the impairment; (2)

its duration or anticipated duration; and (3) its long-term impact.   29 C.F.R. § 1630.2(j)(2)(i)-

(iii).

The record before the Court does not reveal that Defendant perceived Plaintiff as substantially limited in breathing.   The nature of the impairment, as regarded by Defendant, was allergies to dust, mold, grasses, pollens, and chemicals, and shortness of breath after mild exercise or exposure to cold air.   Scant evidence exists as to whether Defendant thought Plaintiff's supposed impairments were severe.   Although Defendant thought Plaintiff would not be able to work at its grain milling facility, there is no indication that Defendant believed Plaintiff would be precluded from any other employment because of his allergies and shortness of breath, or that Defendant thought Plaintiff would be restricted from any non-employment-related activities.   See Muller v. Costello, 187 F.3d 298, 314 (2d Cir. 1999) (finding "not enough evidence of off-the-job breathing problems to   find a substantial limitation of that life activity.") (quoted with approval in Leonard v. Rolette County, No. 99-2130, 1999 WL 1028535, at *1 (8th Cir.  Nov. 12, 1999)).   Moreover, the record is devoid of any evidence about Defendant's perceptions of the duration of the breathing conditions or their long-term impact.   Accordingly, Plaintiff has not established that Defendant regarded him as substantially limited in the major life activity of breathing.

At the hearing on the Motions, Plaintiff indicated that he had a separate ADA claim with respect to his alleged knee impairment, but he did not plead this claim separately in the Complaint.[3]   Plaintiff also did not move for summary judgment on this claim.   Defendant only

---

[3]   Count One of the Complaint alleges only that "Defendant revoked its offer of employment to plaintiff on the basis that it perceived plaintiff to be disabled in violation of the Americans with Disabilities Act." (Compl. ¶ 17.)

briefly addressed the knee injury in a footnote in its Memorandum in Support of its Motion for Summary Judgment, assuming that Plaintiff had "abandoned" the claim.    However, the factual record has been fully developed as to Plaintiff's perceived knee impairment, and the claim can be resolved easily on summary judgment.    The Court finds that Defendant's perception of Plaintiff's knee condition does not qualify as a disability under the ADA. Plaintiff has not and cannot sustain his burden to show that Defendant perceived him to be limited from working in a wide range of jobs because of his knee.    Indeed, Defendant offered Plaintiff a job after learning of his knee impairment, which undermines any argument that Defendant regarded Plaintiff as disabled by his knee.    Even assuming that Defendant's employee Tuma told Plaintiff he was not hired because of his knee, Plaintiff has no evidence that a decisionmaker considered him unable to work in sedentary jobs or perceived him as restricted in walking or other non-employment-related activities.    Further, Dr. Becker told Defendant in his report that Plaintiff needed a knee brace only for stabilization.    Plaintiff has conceded that Schmitz did not consider Dr. Becker's recommendation to be a problem.    (Pl. Mem. Supp. Mot. Summ. J. at 9; Schmitz Dep. at 77.)    Thus, to the extent Plaintiff intended to plead a separate ADA claim on his knee condition, Defendant is entitled to summary judgment.

Because Plaintiff has not demonstrated that Defendant regarded him as substantially limited in any major life activity, he has failed to establish a prima facie case of disability discrimination under the ADA.    Defendant is therefore entitled to summary judgment on Plaintiff's ADA claim.

**C.    The ADEA Claim**

Plaintiff asserts in the alternative that Defendant revoked the job offer because of Plaintiff's age. According to Plaintiff, Schmitz told him that he was not going to hire him because there were four or five applicants who were just as qualified, but younger than Plaintiff. Schmitz allegedly made this remark directly to Plaintiff over the telephone on the day Defendant revoked the job offer. Defendant attempts to classify Schmitz's statement as a "stray remark." To the contrary, such a remark made by a decisionmaker, and related to the decision-making process, is direct evidence of discrimination. See Beshears v. Asbill, 930 F.2d 1348, 1354 (8th Cir. 1991). The alleged comment undeniably manifests a discriminatory animus.

When a plaintiff has direct evidence of discrimination, the Court does not examine the claim under the McDonnell Douglas burden-shifting analysis. See Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004). Rather, Plaintiff may proceed directly to the jury. Id.; see also Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1046 (8th Cir. 2005). Thus, Defendant is not entitled to summary judgment on the ADEA claim.

**D.    The MHRA Claim**

Federal courts apply the ADA analysis to MHRA claims of disability discrimination with one exception. Kammueller v. Loomis, Fargo & Co., 383 F.3d 779, 784 (8th Cir. 2004) (citations omitted). The MHRA does not contain the "substantially limited" language; rather, it provides that a person is disabled if he or she has a "materially" limiting impairment. See Minn. Stat. § 363A.03, subd. 12 (2003). The MHRA standard is less stringent than the ADA standard. Liljedahl v. Ryder Student Transp. Serv., Inc., 341 F.3d 836, 841 n.3 (8th Cir. 2003)

(citing <u>Hoover v. Norwest Private Mortg. Banking</u>, 632 N.W.2d 534, 543 n.5 (Minn. 2001));

<u>but see</u> <u>Weber v. Strippit, Inc.</u>, 186 F.3d 907, 912 n.4 (8th Cir. 1999) (finding the distinction

between "substantially" and "materially" merely semantic).

Even under a less stringent standard, however, Plaintiff has failed to establish the first

element of his prima facie case.   That is, Plaintiff has not shown that Defendant regarded him

as having an impairment which materially limited him in the major life activities of breathing

or working.   As discussed in depth above, Defendant was primarily concerned with Plaintiff's

purported allergy to dust generated by the grain mill and Plaintiff's supposed shortness of

breath after mild exercise.   These impairments, even considered in combination with other

allergies and a knee injury, would not materially limit Plaintiff in working in numerous

occupations such as clerical positions or restaurant jobs, and Plaintiff has not demonstrated

that Defendant regarded him as such.   Accordingly, Plaintiff has not shown that Defendant

regarded him as materially limited in the major life activity of working.

Similarly, Plaintiff has not shown that Defendant perceived him to be materially limited

in the major life activity of breathing.   Plaintiff simply has no evidence that Defendant

considered his allergies or shortness of breath to be severe in the context of other jobs or non-

employment-related activities.   Nor has Plaintiff presented evidence about Defendant's

perceptions of the anticipated duration or long-term impact of the allergies or shortness of

breath.   Because Plaintiff has not established a prima facie case of disability discrimination

under the MHRA, Defendant is granted summary judgment on this claim.

**CONCLUSION**

12

Plaintiff has not established a prima facie case of disability discrimination under either the ADA or the MHRA, and Defendant is granted summary judgment on those claims. However, Plaintiff has direct evidence of age discrimination under the ADEA, and this claim therefore survives summary judgment. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Amended Motion for Partial Summary Judgment (Clerk Doc. No. 40) is **DENIED**; and

2.   Defendant's Motion for Summary Judgment (Clerk Doc. No. 50) is

13

**GRANTED** as to Plaintiff's ADA claim and MHRA claim and **DENIED** as to Plaintiff's ADEA claim.

Dated: December 12, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

14